

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 12, 2007

The Honorable Mike Jackson
Chair, Committee on Nominations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0536

Re: Eligibility of an Assistant Chief of Police of the City of League City to serve as City Administrator (RQ-0539-GA)

Dear Senator Jackson:

You ask several questions about the eligibility of the Assistant Chief of Police of the City of League City (the "City") to serve as City Administrator.[1]

The City is a home-rule city that is governed by an elected city council composed of a mayor and seven council members. *See* THE CITY OF LEAGUE CITY, TEX., *at* http://www.ci.league-city.tx.us/ (last visited Mar. 28, 2007). The City Administrator is appointed by the Mayor, subject to confirmation by the City Council. *Id.* A brief filed on behalf of the City indicates that the Assistant Chief of Police is serving a temporary appointment as City Administrator.[2] On September 22, 2006, the Assistant Chief of Police filed with the Chief of Police a written request for a leave of absence, with pay, from his position as Assistant Chief of Police, with the "understanding that when the permanent position of City Administrator is filled [he would] be able to return to the police department as the Assistant Chief."[3] The Chief of Police approved this request on the same day. *See* Reed Memo, *supra* note 3. The Assistant Chief of Police assumed his duties as interim City Administrator on October 1, 2006.[4]

---

[1]*See* Letter from Honorable Mike Jackson, Chair, Senate Committee on Nominations, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Oct. 1, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Brief from Arnold G. Polanco, Ross, Banks, May, Cron & Cavin, P.C., on behalf of the City of League City, to Honorable Greg Abbott, Attorney General of Texas, at 3 (Nov. 1, 2006) (on file with the Opinion Committee) [hereinafter Polanco Brief].

[3]Memo from Chris Reed, Assistant Chief, to Andrew J. Daniel, Chief of Police (Sept. 22, 2006) (on file with the Opinion Committee) (attached to Polanco Brief, *supra* note 2) [hereinafter Reed Memo].

[4]Brief from Onzelo Markum III, Accreditation Officer, League City Police Department, to Honorable Greg Abbott, Attorney General of Texas, at 2 (Nov. 20, 2006) (on file with the Opinion Committee).

You ask three questions, which we will answer in turn:

> 1.  Can the Assistant Chief of Police of League City abandon his Civil Service Position and accept another position within the same governmental body while continuing to maintain his Civil Service status?
>
> 2.  Can the Assistant Chief of Police take a leave of absence to serve as a City Administrator or does this amount to a resignation or absence without leave and prevent him from being reinstated to his position after serving as City Administrator?
>
> 3.  Can the Assistant Chief of Police serve at the same time as City Administrator or is this a conflict of interest or does it violate the Constitution or State Statutes?

Request Letter, *supra* note 1, at 1.

Your first question—regarding the Assistant Chief of Police's abandonment of his civil service position—assumes that the Assistant Chief of Police occupies a civil service position in the first instance. Section 143.021(b) of the Local Government Code provides that, "[e]xcept for the department head *and a person the department head appoints in accordance with Section 143.014 or 143.102*, each fire fighter and police officer is classified as prescribed by this subchapter, and has civil service protection." TEX. LOC. GOV'T CODE ANN. § 143.021(b) (Vernon 1999) (emphasis added).  Section 143.014 provides that "the head of a fire or police department . . . may appoint each person occupying an authorized position in the classification immediately below that of department head, as prescribed by this section." *Id.* § 143.014(b).  The brief filed on behalf of the City indicates that the Assistant Chief of Police was appointed on October 24, 2002, in accordance with section 143.014. *See* Polanco Brief, *supra* note 2, at 2.  An individual appointed under section 143.014 of the Local Government Code does not enjoy civil service protection. TEX. LOC. GOV'T CODE ANN. § 143.021(b) (Vernon 1999).  Thus, the Assistant Chief of Police could not have abandoned his civil service position because, as Assistant Chief of Police, he did not occupy a civil service position.

Your second question asks whether the Assistant Chief of Police's leave of absence is tantamount to a resignation or absence without leave so as to preclude his future reinstatement as Assistant Chief of Police. Request Letter, *supra* note 1, at 1.  As we have noted, the Assistant Chief of Police sought and received a leave of absence from the Chief of Police. *See* Polanco Brief, *supra* note 2, at 3; *see also* Reed Memo, *supra* note 3.  Because, as we have determined, the position of Assistant Chief of Police is not a civil service position, a leave of absence therefrom is governed by the personnel policies of the City. "In this regard, all classified Civil Service personnel in the Police Department are regulated by the League City Civil Service Commission; where these rules are silent, the City of League City Personnel Policies apply." *See* Polanco Brief, *supra* note 2, at 2–3 (citing section 101.3 of the League City Personnel Policies).  Section 108.11 of the Personnel Policies governs absence without leave and provides that such absence "constitutes abandonment of duties

which may result in dismissal at the end of the third consecutive working day of absence without leave." *Id.* at 3. Because the Assistant Chief of Police asked for and received a leave of absence from the Chief of Police, he did not abandon his duties and is not thereby subject to dismissal.

You finally ask whether the Assistant Chief of Police may simultaneously serve as City Administrator. Request Letter, *supra* note 1, at 1. Both the Texas Constitution and the common-law doctrine of incompatibility place restrictions on dual office holding. We will address both sources of law.

The Texas Constitution prohibits a single individual from simultaneously holding "more than one civil office of emolument." TEX. CONST. art. XVI, § 40(a). It is well established that "the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 580, 578 (Tex. 1955). As we have indicated, a person in a non-civil service position immediately below that of the head of a police department "serves at the pleasure of" the Chief of Police. *See* TEX. LOC. GOV'T CODE ANN. § 143.014(g) (Vernon 1999). As a result, the Assistant Chief of Police is not a "public officer" under the *Aldine* standard. *See* Tex. Att'y Gen. Op. Nos. GA-0350 (2005) at 3, GA-0199 (2004) at 2, JM-1266 (1990) at 2. Consequently, the Assistant Chief of Police does not occupy more than one "office of emolument" in contravention of article XVI, section 40.

The common-law doctrine of incompatibility has three aspects: (1) self-appointment; (2) self-employment; and (3) conflicting loyalties. *See* Tex. Att'y Gen. Op. No. GA-0127 (2003) at 2. "Self-appointment" is not relevant here, because, under the terms of section 143.014 of the Local Government Code, it is the Chief of Police, rather than the City Administrator, who appoints the Assistant Chief of Police. TEX. LOC. GOV'T CODE ANN. § 143.014(b) (Vernon 1999). Neither does the Assistant Chief of Police appoint the City Administrator. "Conflicting loyalties," which derives from a 1927 judicial decision, does not apply unless both positions are "offices." *See* Tex. Att'y Gen. Op. Nos. GA-0195 (2004) at 1–2, GA-0127 (2003) at 3, JC-0054 (1999) at 2, JM-1266 (1990) at 4. Because, as we have noted, the Assistant Chief of Police in question does not occupy an office, the "conflicting loyalties" aspect of incompatibility does not bar him from simultaneously serving in both capacities.

The self-employment prong of the incompatibility doctrine, while it ultimately derives from a 1928 case, *Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928), was not recognized in Texas law until a 1975 attorney general opinion. That opinion concluded that the "positions of public school teacher for an independent school district and trustee for the same district are legally incompatible and cannot be simultaneously occupied by the same person." Tex. Att'y Gen. LA-114 (1975) at 8. Numerous attorney general opinions since 1975 have addressed "self-employment" incompatibility. *See, e.g.*, Tex. Att'y Gen. Op. No. JC-0371 (2001); Tex. Att'y Gen. LO-97-034, LO-90-045, LO-89-057, LO-89-038.

In Attorney General Opinion JC-0371, this office concluded that a school district trustee was barred by "self-employment" incompatibility from serving as a volunteer, unpaid, part-time history teacher in his district for one period a day for a single semester. *See* Tex. Att'y Gen. Op. No. JC-0371 (2001) at 6. The opinion emphasized that the key aspect of self-employment incompatibility is *supervision. See id.* at 3. In the situation you pose, the Chief of Police has direct supervisory authority over the position of Assistant Chief of Police. *See* Polanco Brief, *supra* note 2, at 4 (Assistant Chief of Police serves under the direct supervision of the Chief of Police). In turn, the City Administrator has direct supervisory authority over the Chief of Police. Telephone Conversation with Joy Almond, Human Resources Director, City of League City, Texas (Mar. 28, 2007); *see also* CITY OF LEAGUE CITY, TEX., *at* http://www.ci.league-city.tx.us/ (last visited Mar. 28, 2007) ("The City Administrator is the head of the administrative department of the City and shall have supervision of all administrative officers and employees."). Thus, the City Administrator has ultimate supervisory authority over the position of Assistant Chief of Police.

"A leave of absence is not a complete separation from employment . . . ." *Chenault v. Otis Eng'g Corp.*, 423 S.W.2d 377, 383 (Tex. Civ. App.—Corpus Christi 1967, writ ref'd n.r.e.). Moreover, the grant of a leave of absence approved by the Chief of Police on September 22, 2006, is an approval for a *paid* leave of absence, as indicated by the request from the Assistant Chief of Police. *See* Reed Memo, *supra* note 3. Because the Assistant Chief of Police on approved leave remains subject to the City Administrator's supervision, particularly the compensation and other terms of his leave of absence, the Assistant Chief of Police is barred by the common-law doctrine of incompatibility from accepting the office of interim City Administrator while retaining his position as Assistant Chief of Police under a leave of absence.

## S U M M A R Y

The present City Administrator of the City of League City is on approved leave of absence, with pay, as Assistant Chief of Police of that city. Because the City's Assistant Chief of Police is not a civil service position, such leave of absence was not an abandonment of a civil service position. Also, because the leave of absence was approved in accordance with the relevant personnel policies, he did not abandon his duties as Assistant Chief of Police.

However, because the City Administrator has supervisory authority over the Assistant Chief of Police and a leave of absence does not sever an employment relationship, the Assistant Chief of Police is barred by the self-employment aspect of the common-law doctrine of incompatibility from simultaneously serving as City Administrator.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee